UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

| | |
|---|---|
| MICHAEL WALTER PAYETTE, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:09-cv-10 |
| ) | |
| v. ) | HON. R. ALLAN EDGAR |
| ) | |
| UNKNOWN BUCKNER, et al., ) | |
| ) | **OPINION** |
| Defendants. ) | |
| _____) | |

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

      I.        Factual Allegations

Plaintiff Michael Walter Payette #292063, an inmate at the Alger Maximum Correctional Facility (LMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Corrections Officer Unknown Buckner, Corrections Officer Unknown Pusa, Hearing Investigator Unknown Mohr, Hearing Officer Thomas Morhman, MDOC Director Patricia Caruso, Warden Gerald Hofbauer, the Michigan Department of Corrections, the Michigan State Officer of Administrative Hearings and Rules, and Unknown Corrections Officers and Supervisory Staff.

Plaintiff alleges in his complaint that on June 23, 2007, he was struck in the face by prisoner Fitzpatrick in the presence of Defendant Buckner and Unknown Corrections Officers. Plaintiff turned towards Fitzpatrick and held his arms to prevent him from punching Plaintiff again. Several Defendants then grabbed Plaintiff, threw him to the floor, handcuffed him, and took him to an empty cell. Defendant Buckner wrote a false misconduct report on Plaintiff, claiming that Plaintiff had punched prisoner Fitzpatrick. Plaintiff was interviewed by Defendant Mohr, and was found guilty of the misconduct by Defendant Mohrman following his hearing on January 29, 2007. In the hearing report, Defendant Mohrman stated that video evidence was not produced because of the need to prevent prisoners from learning the location of cameras in the unit, and that Defendant Buckman had been approximately 15 feet away during the incident and had observed the fight. Defendant Mohrman also noted that prisoner Fitzpatrick had pleaded guilty to fighting and had accused Plaintiff of hitting him in the eye. Finally, Defendant Mohrman noted that Plaintiff had chosen not to attend the hearing in an attempt to hide his guilt. Plaintiff was subsequently placed on administrative segregation for approximately two months. Plaintiff alleges that in February of

2007, while he was shackled in the MBP Dental office, Dr. Austin, D.D.S., told Plaintiff that they had all viewed the video and knew that Plaintiff had done nothing wrong. The dental assistant then said, "shhhhh." Plaintiff claims that he was falsely convicted of a major misconduct ticket for merely protecting himself and that he was placed in administrative segregation for approximately two months as a result. Plaintiff seeks damages and injunctive relief.

      II.      Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

As noted above, Plaintiff claims that he was falsely convicted of a major misconduct ticket and was placed on administrative segregation. He also appears to claim that evidence from other witnesses and video evidence should have been explored instead of relying on a false staff member's statement about the incident and the statement of the other prisoner. The Supreme Court has held that claims for declaratory relief and monetary damages that necessarily imply the invalidity of the punishment imposed are not cognizable under § 1983 until the conviction has been overturned. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (addressing allegations of deceit and bias on the part

of the decisionmaker in a misconduct hearing). The *Edwards* Court relied upon *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Edwards*, 520 U.S. at 646 (emphasis in original). As the Supreme Court recently has stated, "[t]hese cases, taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). Thus, where a prisoner's claim of unfair procedures in a disciplinary hearing necessarily implies the invalidity of the deprivation of good-time credits, his claim is not cognizable under § 1983. *Id.*; *see also Thomas v. Eby*, 481 F.3d 434, 438 (6th Cir. 2007); *Bailey v. McCoy*, No. 98-1746, 1999 WL 777351, at *2 (6th Cir. Sept. 21, 1999) (collecting Sixth Circuit decisions applying *Edwards* to procedural due process challenges).

    The Sixth Circuit explained the bar that *Heck* places on § 1983 suits brought by prisoners:

> Federal courts have long recognized the potential for prisoners to evade the habeas exhaustion requirements by challenging the duration of their confinement under 42 U.S.C. § 1983, rather than by filing habeas petitions. Consequently, the Supreme Court recognized a "habeas exception" to § 1983 in *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L. Ed. 2d 439 (1973), when it held that suits challenging the fact or duration of confinement fall within the traditional scope of habeas corpus and accordingly are not cognizable under § 1983. The Court expanded the habeas exception to § 1983

> in *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), and *Edwards v. Balisok*, 520 U.S. 641, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997).  In *Heck*, the Court determined that, unless a prisoner's conviction or sentence were previously set aside by a separate legal or administrative action, § 1983 would not countenance claims for damages if a finding for the plaintiff would *necessarily invalidate* a conviction or sentence. And in *Balisok*, the Court concluded that a prisoner cannot use § 1983 to challenge prison procedures employed to deprive him of good-time credits when the . . . procedural defect alleged would, if established, "necessarily imply the invalidity of the punishment imposed." 520 U.S. at 648, 117 S. Ct. at 1584.

*Thomas v. Eby*, 481 F.3d 434, 438 (6th Cir. 2007) (emphasis in original).

In *Muhammad v. Close*, 540 U.S. 749, 754-55 (2004), the Supreme Court clarified that *Edwards* requires the favorable termination of a disciplinary proceeding before a civil rights action may be filed only in cases where the duration of the prisoner's sentence is affected.  *Id.*; *Thomas*, 481 F.3d at 439; *Johnson v. Coolman*, 102 F. App'x 460, 461 (6th Cir. 2004).  The Court noted that "[t]he effect of disciplinary proceedings on good-time credits is a matter of state law or regulation." *Muhammad*, 540 U.S. at 754.  Under Michigan law, a prisoner loses good-time credits for the month of his major misconduct disciplinary conviction.  *See* MICH. COMP. LAWS § 800.33. In addition, the warden may order forfeiture of previously accumulated good-time credits in cases.  *Id.*  Plaintiff does not assert that he did not forfeit good-time credits for the month of his conviction. Accordingly, Plaintiff's claim remains noncognizable under § 1983 because a ruling on the claim would, if established, necessarily imply the invalidity of his disciplinary conviction.  *See Shavers v. Stapleton*, 102 F. App'x 900, 901 (6th Cir. 2004).

Under Michigan law, a prisoner may seek a rehearing of a decision made by the Hearings Division within thirty calendar days after a copy of the Major Misconduct Hearing Report

is received. MICH. COMP. LAWS § 791.254; MICH. DEP'T OF CORR. Policy Directive 03.03.105, ¶ DDD (effective Jan. 1, 2007). Upon denial of his motion for rehearing, a prisoner may file an application for leave to appeal in the state circuit court. *See* MICH. COMP. LAWS § 791.255(2); Policy Directive 03.03.105, ¶ GGG (concerning appeal). If he is not successful, he may then seek to overturn the convictions by bringing a federal habeas corpus action.[1]

Plaintiff's allegations make clear that his conviction has not been invalidated. Accordingly, Plaintiff's § 1983 claim is not presently cognizable. He therefore fails to state a claim on which relief can be granted. *See Morris v. Cason*, 102 F. App'x 902, 903 (6th Cir. 2004) (a claim barred by *Heck* is properly dismissed for failure to state a claim); *Murray v. Evert*, 84 F. App'x 553, 555 (6th Cir. 2003) (same); *Harris v. Truesdell*, 79 F. App'x 756, 758-59 (6th Cir. 2003) (same).

Plaintiff also claims that he was improperly placed in administrative segregation. To determine whether segregation of an inmate from the general prison population involves the deprivation of a liberty interest protected by the due process clause, the Court must determine if the segregation imposes an "atypical and significant" hardship on the inmate "in relation to the ordinary incidents of prison life." *Jones v. Baker*, 155 F.3d 910, 811 (6th Cir. 1998) (quoting *Sandin v. Conner*, 515 U.S. 472, 483 (1995)). Under various circumstances, the Sixth Circuit has repeatedly found that confinement to administrative segregation does not present an "atypical and significant" hardship implicating a protected liberty interest. *See Jones*, 155 F.3d at 812-23 (two years of segregation while inmate was investigated for murder of prison guard in riot); *Rimmer-Bey v. Brown*,

---

[1] A misconduct conviction results in the loss of good-time credits, which is equivalent to a loss of a "shortened prison sentence." *Wolff v. McDonnell*, 418 U.S. 539, 556-57 (1974). A challenge to a "shortened" prison sentence is a challenge to the fact or duration of confinement that is properly brought as an action for habeas corpus relief. *Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973). However, a prisoner must exhaust available state remedies before bringing a habeas corpus action, which would include appealing the conviction through the state courts. *See* 28 U.S.C. § 2254(b)(1).

62 F.3d 789, 790-91 (6th Cir. 1995) (inmate serving life sentence was placed in segregation after serving thirty days of detention for misconduct conviction of conspiracy to commit assault and battery); *Mackey v. Dyke*, 111 F.3d 460 (6th Cir.1997) (one year of segregation after inmate was found guilty of possession of illegal contraband and assault and where reclassification was delayed due to prison crowding). Plaintiff states that he was in administrative segregation for approximately two months. Plaintiff has failed to make any allegations which that his segregation is "atypical and significant." Consequently, the court concludes that no liberty interest is implicated by his placement.

Moreover, Plaintiff's claims against Defendant Mohrman are based on his performance as an MDOC hearing officer. The Sixth Circuit, recognizing that a Michigan hearings officer has adjudicatory functions spelled out by statute in the nature of an administrative law judge, has held that hearings officers are entitled to absolute judicial immunity in relation to actions within the officer's authority. *Shelly v. Johnson*, 849 F.2d 228, 229 (6th Cir. 1988); MICH. COMP. LAWS §§ 791.251-255. *See also Williams v. McGinnis*, Nos. 02-1336, 02-1837, 2003 WL 245352, at *2 (6th Cir. Jan. 31, 2003) (recognizing that Michigan's prison hearings officers are entitled to absolute immunity); *Thompson v. Mich. Dep't of Corr.*, No. 01-1943, 2002 WL 22011, at *1 (6th Cir. Jan. 2, 2002) (same); *Gribble v. Bass*, No. 93-5413, 1993 WL 524022, at *2 (6th Cir. Dec. 16, 1993) (same). Plaintiff's action fails because Defendant Mohrman is absolutely immune under the circumstances of this case.

Finally, Plaintiff may not maintain a § 1983 action against the Michigan Department of Corrections or the State Office of Administrative Hearings and Rules. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from

suit in the federal courts, if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC and its divisions are absolutely immune from suit under the Eleventh Amendment. *See, e.g., Turnboe v. Stegall*, No. 00-1182, 2000 WL1679478, at *2 (6th Cir. Nov. 1, 2000); *Erdman v. Mich. Dep't of Corr.*, No. 94-2109, 1995 WL 150341, at *1 (6th Cir. Apr. 5, 1995); *Cullens v. Bemis*, No. 92-1582, 1992 WL 337688, at *1 (6th Cir. Nov. 18, 1992); *Adams v. Mich. Dep't of Corr.*, No. 86-1803, 1987 WL 36006, at *1 (6th Cir. May 7, 1987). In addition, the State of Michigan (acting through the Michigan Department of Corrections) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the Court dismisses the Michigan Department of Corrections and the State Office of Administrative Hearings and Rules.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c).

The court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611

(6th Cir. 1997).  For the same reasons that the court dismisses the action, the court discerns no good-faith basis for an appeal.  Should Plaintiff appeal this decision, the court will assess the appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the appellate filing fee in one lump sum.

This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:        4/8/09                                     */s/ R. Allan Edgar*
                                                   R. ALLAN EDGAR
                                                   UNITED STATES DISTRICT JUDGE